UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS SALAMAN, ) | No. 3:23-CV-00639 (KAD) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF NEW HAVEN et. al, ) | AUGUST 2, 2023 |
| *Defendants*. ) | |

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Luis Salaman brings this action against the City of New Haven, New Haven Chief of Police Doe, New Haven Police Sergeant Sanchez, and New Haven Police Officer Grillo ("New Haven Police Defendants"); and FBI Agents Altimari, Kim, Domachowski, Burke, and SWAT John Doe ("FBI Defendants") in their individual and official capacities. Plaintiff alleges that he was stopped and arrested by Sergeant Sanchez and Officer Grillo (with some involvement by FBI Agent Kim) on several different occasions from 2020 to 2021. He asserts that the FBI Defendants made false and misleading statements to obtain search and arrest warrants for his arrest on April 5, 2022, and that they shot him in connection with effectuating his arrest and failed to ensure that his injuries were properly treated.

Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review to determine whether the complaint alleges cognizable claims or whether the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A plaintiff seeking damages from a defendant in their individual capacity must allege facts that establish the personal involvement of that defendant in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants

in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

*First Amendment Retaliation*

Plaintiff asserts that he was stopped in 2020 and arrested in 2021 for retaliatory reasons. Plaintiff's allegations suggest that a retaliatory animus resulted from his filing lawsuits against the City New Haven (one of which named Sergeant Sanchez's ex-partner as a defendant) and/or from his video recording of Officer Grillo on November 3, 2021.

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (internal quotation marks omitted). Filing a complaint against a government official is protected conduct. *Everitt v. DeMarco*, 704 F. Supp. 2d 122, 132 (D. Conn. 2010) (citing *Colombo v. O'Connell*, 310 F.3d 115, 118 (2d Cir. 2002)). An individual may bring a First Amendment claim "[i]f an official takes adverse action against [him] based on that forbidden motive, and non-retaliatory grounds are in fact insufficient to provoke the adverse consequences." *Nieves*, 139 S. Ct. at 1722 (internal quotation marks omitted).

For purposes of initial review, Plaintiff sufficiently alleges that he was subjected to First Amendment retaliatory conduct when (1) Sergeant Sanchez and Officer Grillo stopped him for a traffic violation on May 14, 2020; (2) Sergeant Sanchez arrested him in 2021 at his girlfriend's residence; and (3) his cell phone was confiscated, a false search warrant was issued, and Sanchez and Grillo arrested him on November 16, 2021. The Court therefore permits Plaintiff to proceed on such First Amendment retaliation claims against Sanchez and Grillo in their individual capacities for further development of the record.

As Plaintiff has not alleged any facts regarding Chief Doe's personal involvement in any retaliatory conduct, the Court DISMISSES Plaintiff's First Amendment retaliation claims against Chief Doe in his individual capacity. *See Tangreti v. Bachmann*, 983 F.3d 609, 617–19 (2d Cir. 2020) (holding that a plaintiff cannot rely on supervisory liability in *Bivens* and § 1983 actions, and "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (internal quotation marks omitted)).

Because FBI Agent Kim is a federal rather than a state actor, Plaintiff cannot proceed against FBI Agent Kim under section 1983 for any constitutional claim. *See Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017) (noting that section 1983 applies to claims against state officials but that "Congress did not create an analogous statute for federal officials"). In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court recognized an implied cause of action for a Fourth Amendment unlawful arrest and search violation. *See Hernandez v. Mesa*, 140 S. Ct. 735, 741 (2020). But the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar*, 582 U.S. at 135, and most recently has declared that there is no *Bivens* cause of action for First Amendment retaliation, *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022). Accordingly, any claims of First Amendment retaliation against FBI Agent Kim are DISMISSED with prejudice.

***Fourth Amendment False Arrest or Malicious Prosecution***

To the extent Plaintiff asserts Fourth Amendment claims of false arrest or malicious prosecution based on his allegations regarding his arrests in 2021, Plaintiff's complaint does not allege plausible Fourth Amendment violations.

"To state a valid claim for false arrest or malicious prosecution under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and

3

satisfy the state law elements of the underlying claims." *Mendes v. Cunningham*, No. 3:21-CV-1527 (JAM), 2022 WL 2104515, at *2 (D. Conn. June 10, 2022) (quoting *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012)). Under Connecticut law, a plaintiff who alleges a claim for malicious prosecution and false arrest must show both an absence of probable cause and that the underlying charges terminated favorably to the plaintiff. *See Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017); *Miles v. City of Hartford*, 445 F. App'x 379, 382–83 (2d Cir. 2011). In other words, for both claims, Plaintiff must allege and prove that Defendants lacked probable cause and that the proceedings terminated in the plaintiff's favor. *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022) ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction."). Here, Plaintiff does not allege that following his arrests in 2021, the criminal proceedings resulted in a favorable termination for Plaintiff. Accordingly, any claims of false arrest or malicious prosecution arising from the alleged 2021 arrests are DISMISSED without prejudice.

***City of New Haven and Official Capacity Claims***

"Section 1983 claims against municipal employees sued in their official capacity are treated as claims against the municipality itself." *Seri v. Town of Newtown*, 573 F. Supp. 2d 661, 671 (D. Conn. 2008). Municipalities are not vicariously liable in *respondeat superior* for the unconstitutional misconduct of their officials and employees, but may still be directly liable under § 1983. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). But a municipality may be directly liable only if the alleged police misconduct was caused by a municipal policy, practice, or custom, or if it was caused by a municipality's deliberate indifference and inaction in

light of a history of prior similar constitutional deprivations by municipal officers. *See Outlaw v. City of Hartford*, 884 F.3d 351, 372 (2d Cir. 2018) (describing the scope and limitations of municipal liability under *Monell*).

Plaintiff alleges no facts to establish that there was a city policy, practice, or custom that caused the retaliatory misconduct he describes in his complaint. Rather, the facts Plaintiff alleges that resulted in the First Amendment violations describe isolated occurrences by employees below the policymaking level. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." (internal quotation marks omitted)). Absent such a custom, policy, or usage, Plaintiff has not stated any plausible claims under section 1983 against the City of New Haven or the individual New Haven Defendants in their official capacities.

***Misjoined Claims***

Plaintiff's remaining claims are against the FBI Defendants related to his arrest on April 5, 2022, and are misjoined in this action.[1] Under the Federal Rules of Civil procedure, joinder of multiple defendants is only permitted in an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common

---

[1] As noted above, Plaintiff cites only to section 1983 as the basis on which he brings his claims. Section 1983 does not apply to federal actors and so these claims are subject to dismissal, in any event. The Court does not opine as to whether Plaintiff might plausibly allege *Bivens* claims against these Defendants.

to all defendants will arise in the action." *See* Fed. R. Civ. P. 20(a)(2). If the Court determines that a party was inappropriately joined, the Court may sever any claim against the party and drop the party from the action. *See* Fed. R. Civ. P. 21; *Webb v. Maldonado*, No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("[A] court performing the screening required by § 1915A may find it convenient to exercise its authority to sever parties *sua sponte* as permitted by Rule 21 and direct the plaintiff to proceed against those parties in separate actions."). Here, Plaintiff's claims against the FBI Defendants bear no factual relation to the claims against the New Haven Officers. They also involve a different legal theory from his First Amendment retaliation claims made against Sergeant Sanchez and Officer Grillo. Thus, retaining all of the claims in a single action would not serve the interests of judicial economy or justice because such claims will require discovery of different sets of evidence and separate proofs at trial. Thus, Plaintiff's remaining claims against the FBI Defendants are severed and dismissed without prejudice.

**ORDERS**

The Court enters the following orders:

(1) Plaintiff may proceed on his individual capacity claims for damages based on First Amendment retaliation against New Haven Police Department Sergeant Sanchez and Officer Frank Grillo.

Plaintiff's claims against the FBI Defendants arising from his arrest on April 5, 2022 are misjoined under Federal Rule of Civil Procedure 20 and severed under Federal Rule of Civil Procedure 21. Thus, these claims are DISMISSED from this case without prejudice.

All other claims, including official capacity claims, against the New Haven Defendants are DISMISSED without prejudice. If Plaintiff believes he can cure the deficiencies identified herein through discovery or otherwise, he may move to amend the Complaint.

(2) The Clerk shall verify the current work addresses for Defendants Sergeant Sanchez and Officer Frank Grillo with the New Haven Police Department, mail a waiver of service of process request packet containing the complaint to him at the confirmed address on or before **August 23, 2023**, and report to the Court on the status of the waiver requests within (35) days of mailing. If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on him, and he shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3) The Clerk shall mail a courtesy copy of the Complaint and this Order to the Corporation Counsel for the City of New Haven.

(4) Defendants shall file a response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to him. If Defendants choose to file an answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. A Defendant may also include any additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26–37, shall be completed by March 2, 2024.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the Court.

(7) All motions for summary judgment shall be filed by April 2, 2024.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so may result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. He should also notify the Defendants or defense counsel of his new address.

(10) Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. Discovery requests shall not be filed with the Court, see D. Conn. L. Civ. R. 5(f), and must be served on Defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of August 2023.

                                          */s/ Kari A. Dooley*
                                          KARI A. DOOLEY
                                          UNITED STATES DISTRICT JUDGE